IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

JAMES D. MCKNIGHT, JR.                                      PETITIONER

v.                                         CIVIL NO. 5:24-cv-102-DCB-ASH

JEWEL SIMMONS                                               RESPONDENT

<u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>

THIS MATTER comes before the Court on Magistrate Judge Harris's Report and Recommendation ("Report") [ECF No. 15], concerning James D. McKnight, Jr.'s ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [ECF No. 5] and Respondent's Motion to Dismiss [ECF No. 13]. The Report was entered on December 30 2025, and objections to it were due by January 13, 2026. To date no party has filed an objection and the time to do so has now passed.

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a <u>de novo</u> review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Where there are no objections, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review to the Report. <u>United States v. Wilson</u>, 864 F.2d 1219, 1221 (5th Cir. 1989).

As indicated in the Report, Petitioner's habeas petition requests that this Court order his "immediate release from Pike County Jail and [that the] charges [against him be] dismissed" based on the nine-month delay between his arrest and his indictment. [ECF No. 5] at 5, 8. However, as the Report correctly indicates, a pretrial detainee "may not seek dismissal of state charges and release based upon his right to a speedy trial." <u>Brown v. Estelle</u>, 530 F.2d 1280, 1283 (5th Cir. 1976)). Petitioner has also not provided any proof of "special circumstances" in which the federal court must intervene because "'the integrity of a federal right is threatened.'" <u>Wilson v. Washington County</u>, No. 4:20-CV-158- DMB-DAS, 2021 WL 4497493, at *2 (N.D. Miss. Sept. 30, 2021) (quoting <u>Vassar-El v. Orleans Par. Prison</u>, No. 18-838, 2018 WL 4462544, at *2 (E.D. La. Sept. 18, 2018)).

Thus, upon examination of Judge Harris's Report and Recommendation [ECF No. 15], in conjunction with a comprehensive review of the record and relevant legal authorities, the Court finds that Report should be adopted, that the Petition [ECF No. 5] should be dismissed with prejudice because the relief requested is not available via a habeas petition, and that Respondent's Motion to Dismiss [ECF No. 13] should be GRANTED.

Accordingly,

IT IS HEREBY ORDERED that Judge Harris's Report is ADOPTED as the findings and conclusions of this Court.

IT IS FURTHER ORDERED that Petitioner's Motion for Habeas Corpus is DISMISSED WITH PREJUDICE because the relief requested is not available under a habeas petition.

IT IS FURTHER ORDERED that Respondent's Motion to Dismiss is GRANTED.

Furthermore, Petitioner is DENIED an evidentiary hearing. The Court also DENIES Petitioner a certificate of appealability.

A Final Judgment shall be entered of even date herewith pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 13th day of February, 2026.

/s/ David C. Bramlette
DAVID C. BRAMLETTE III
UNITED STATES DISTRICT JUDGE